EDWIN EMANS and ELIZABETH his wife *vs.* JOSEPH W. EMANS and PETER WORTMAN.

If a bill unite a demand of several matters of distinct natures against different defendants it is demurrable for multifariousness.

So if a joint claim against two defendants is joined in the same bill with a separate claim against one of them only, either or both of the defendants may demur for multifariousness.

*Dalrymple* and *Little*, for defendants.

*Vanatta*, for complainants.

THE CHANCELLOR. The complainants in this bill set up two distinct and independent claims or grounds of relief.

1. They seek to compel the specific performance of an award in favor of the complainants, made in pursuance of an agreement for submission to arbitration entered into between the complainants and Joseph W. Emans, one of the defendants.

2. To compel the defendants to account for and pay to the complainants the value of the equal half part of a farm of 200 acres, conveyed by the wife of the complainant and the defendant, Joseph W. Emans, to the other defendant, Peter Wortman, by deed executed and delivered the twenty-ninth of October, 1853.

A separate demurrer is filed by each of the defendants.

The bill is clearly demurrable for multifariousness on two grounds.

1. It unites a demand of several matters of distinct natures against different defendants. The refusal by Emans to perform the award against him, and the refusal by Emans and Wortman, combined, to pay the complainant's wife the value of her share of the farm, are totally distinct matters having no connection with or dependence on each other.

The submission to arbitration grew out of the alleged inequality and unfairness of a partition between the complainant's wife and Joseph W. Emans, with which the sale and conveyance to Wortman was in some wise connected. But the refusal of Wortman to pay the stipulated price of that land, or the fraudulent combination of Wortman and Emans to deprive her of her fair share of the consideration for the conveyance, formed no part of the partition, and was in no wise involved in the subject matter of the arbitration. The submission relates solely to the inequality of the partition between Elizabeth and Joseph W. Emans. The refusal of Wortman to pay the price of land conveyed by them neither produced nor contributed to that inequality. Even against the same defendant a claim for the specific performance of an agreement to submit to arbitration, and a claim for the recovery of the value of land fraudulently withheld, cannot be united in the same bill. It is a misjoinder of different causes of action, which cannot properly be litigated in the same suit. *Boyd* v. *Hoyt*, 5 *Paige* 79; *Story's Eq. Pl.* § 271, 530; 1 *Daniels' Ch. Prac.* 383, 393, 395.

Again, admitting that the defendants are properly joined in that part of the bill which relates to the price of land, Wortman has no interest in the subject matter of that part of the bill which relates to the specific performance of the award. He is no party to the submission or to the award. The bill prays no discovery, and

asks no relief against him on that ground. He has no conceivable connection with that part of the complainants' case. If a joint claim against two defendants is joined in the same bill with a separate claim against one of them only, either or both of the defendants may demur for multifariousness. *Ward* v. *The Duke of Northumberland et al.*, 2 *Anstruther* 469; *Boyd* v. *Hoyt*, 5 *Paige* 79; *Swift* v. *Eckford*, 6 *Paige* 22; 1 *Daniels' Ch. Pr.* 383, 395.

To sustain a demurrer to a bill for multifariousness against several defendants it is not necessary that the defendant demurring should so far answer the bill as to deny the ordinary general charge of combination. *Mitford's Pl. by Jeremy* 181, *and note b; Brooks* v. *Lord Whitworth*, 1 *Madd.* 86, (*1st. Am. ed.* 57); *Salvage* v. *Hyde*, 5 *Madd.* 138.

The specific charge of fraudulent combination, made in the complainants' bill in this case, applies only to the second ground of relief.

It is not a case in which the complainants' bill can be amended. *Johnston* v. *Anthony*, 2 *Molloy* 373; *Boyd* v. *Hoyt*, 5 *Paige* 79; *Swift* v. *Eckford*, 6 *Paige* 22.

The demurrer must be allowed, and the complainants' bill dismissed.